IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HALEY, JR., individually,<br>And as Special Administrator of the<br>Estate of OLAPHAN HALEY, deceased,<br><br>Plaintiff,<br><br>v.<br><br>WESTFREIGHT SYSTEMS, INC.<br>   Serve Registered Agent:<br>   Linda Blisset<br>   932 Spring St.<br>   Springfield, IL 62704<br><br>and<br><br>WILLIAM L. LORENTZ<br>   Serve Registered Agent (company):<br>   Linda Blisset<br>   932 Spring St.<br>   Springfield, IL 62704<br><br>Defendants. | Cause No: 3:15-CV-1161<br><br><br><br><br>Personal Injury - Vehicular<br><br>JURY TRIAL DEMANDED<br>ON ALL COUNTS |

## COMPLAINT

The Plaintiff, William Haley, Jr., individually and as Special Administrator of the Estate of Olaphan Haley, deceased, by and through his attorneys, Page Law, LLC, complains of the Defendants, Westfreight Systems, Inc. (hereafter "Westfreight") and William L. Lorentz (hereafter "Lorentz"), states as follows:

### I.

### *PARTIES*

1. At all times relevant hereto, WILLIAM HALEY, JR., was the husband of Olaphan Haley, deceased.

2. At all times relevant hereto, WILLIAM HALEY, JR., was/is a citizen and resident of the State of Washington.

3. Plaintiff brings this action on his own behalf and on behalf of the next of kin, having been appointed Special Administrator on October 15, 2015. See Order For Petition For Formal Appointment of Special Administrator, attached hereto as Plaintiff's Exhibit 1.

4. Olaphan Haley, deceased, left surviving her husband, William Haley, Jr., and five adult children, Matthew Joseph Christopher Haley (son), Charles Edward Lail (son), Michael Norman Lail (son), William C. Haley III (son), and Jariya Aufone (daughter), all of whom are her next of kin.

5. At all times relevant hereto, Olaphan Haley, deceased, was a resident of the State of Washington, when she was run over and killed when she was walking across the Rend Lake Rest Area in Franklin County, IL on May 27, 2015.

6. This incident that caused Olaphan Haley's death was caused by the acts and/or omissions of Westfreight and its agents, servants, and/or employees, including Lorentz.

7. None of the Plaintiffs are citizens of Illinois.

8. Westfreight is a Canadian motor carrier with its principal place of business in Canada at 7530 84th Street, SE Calgary AB T2C 4W3.

9. Westfreight can be served through its Illinois registered agent Linda Blisset at 932 Spring St., Springfield, IL 62704.

10. At all times relevant hereto, Westfreight engaged in the business of interstate trucking as a commercial motor carrier across the United States, including throughout the State of Illinois.

11. Lorentz is a resident of Canada and as an agent, servant, and/or employee of Westfreight, he can be served via Westfreight's Illinois registered agent Linda Blisset, 932 Spring St., Springfield, IL 62704.

## II.

## *JURISDICTION*

12. This Court has jurisdiction over the subject matter of this lawsuit on the grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

13. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

## III.

## *VENUE*

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

15. Westfreight has operating authority and operates as a commercial motor carrier throughout Illinois, including in the Southern District.

## IV.

## **GENERAL ALLEGATIONS**

16. At all times relevant hereto, Westfreight is/was an interstate commercial motor carrier engaged in the business of interstate trucking, and was required to abide by and follow the Federal Motor Carrier Regulations, codified at 49 Code of Federal Regulations, Parts 40, and 325 through 399 as well as all applicable Illinois laws codified at 625 ILCS 5/1-100 through 625 ILCS 5/1-300.

17. At all times relevant hereto, Lorentz is/was an individual engaged in the business of truck driving and interstate trucking, and is/was required to abide by and follow the Federal Motor Carrier Regulations, codified at 49 Code of Federal Regulations, Parts 40, and 325 through 399 as well as all applicable Illinois laws codified at 625 ILCS 5/1-100 through 625 ILCS 5/1-300.

18. On or about May 27, 2015 at approximately 4:58 p.m. Olaphan Haley, deceased, was walking through the Rend Lake Rest Area when she was run over by a 2000 Kenworth truck and trailer.

19. The 2000 Kenworth truck that ran over and killed Olaphan Haley, deceased, was bearing VIN 1XKWDB9X2YR961818, license plate # J28466, and was being operated by Lorentz.

20. The trailer attached to the 2000 Kenworth that ran over and killed Olaphan Haley, deceased, was a 2014 Vanguard, bearing VIN 5V8VC5320EM408647, and TN Registration U506538.

21. Olaphan Haley, deceased, was not negligent in any way that would have caused or contributed to cause this incident that caused her death.

22. At all times relevant hereto, the 2000 Kenworth truck Lorentz was operating was owned and/or operated by Westfreight and was displaying USDOT# 464608, a number registered with the United States Department of Transportation to Westfreight.

23. At all times relevant hereto, Westfreight and Lorentz were engaged in interstate commerce.

24. As an interstate motor carrier, Westfreight is/was required to follow the Federal Motor Carrier Safety Regulations.

25. As a commercial motor vehicle operator, Lorentz is/was required to follow the Federal Motor Carrier Safety Regulations.

26. At all times relevant hereto, including at the time of this incident, Westfreight is/was an interstate carrier with operating authority from the USDOT.

27. At all times relevant hereto, and at the time of this incident, Lorentz was an agent, servant, and/or employee of Westfreight and he was operating Westfreight's 2000 Kenworth truck and pulling the attached trailer, at the time of this incident as Westfreight's agent, servant and/or employee.

28. At all times relevant hereto, including at the time of this incident, Westfreight was acting individually, and through its agents, servants, and/or employees, including Lorentz, each of whom were acting within the course and scope of their employment with Westfreight.

29. At all times relevant hereto, including at the time of this incident, Westfreight individually, and through its agents, servants, and/or employees were engaging in the business of an interstate motor carrier.

30. At all times relevant hereto, the 2000 Kenworth Lorentz was operating at the time of this incident, was owned, leased, and/or operated by Westfreight, and was being operated by Lorentz in course and scope of his employment with Westfreight.

31. At all times relevant hereto, the trailer Lorentz was hauling, pulling, and/or operating was owned, leased, and/or operated by Westfreight, and was being hauled, pulled, and/or operated, by Lorentz in course and scope of his employment with Westfreight.

32. At all times relevant hereto, both the 2000 Kenworth and trailer detailed above, qualify as "Motor Vehicles", "Commercial Motor Vehicles", and/or a "Truck Tractor" as defined by the Federal Motor Carrier Regulations at 49 CFR Part 390.5.

33. At all times relevant hereto, Westfreight and its agents, servants, and/or employees, including Lorentz, are/were required to operate the 2000 Kenworth and trailer with "ordinary care".

34. At all times relevant hereto, Westfreight and its agents, servants, and/or employees, including Lorentz, are/were required to operate the 2000 Kenworth with the "highest degree of care".

35. At all times relevant hereto, Westfreight is/was required to operate its equipment and its interstate motor carrier operation pursuant to the Federal Motor Carrier Safety Regulations.

36. At all times relevant hereto, Westfreight and its agents, servants, and/or employees, were Required to operate pursuant to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations, including but not limited to, the sections thereof set forth herein.

37. At all times relevant hereto, Westfreight owned, controlled, and/or leased the 2000 Kenworth and trailer was operating at the time of this incident.

38. At all times relevant hereto, Westfreight was acting individually and through its agents, servants, and/or employees, including Lorentz.

39. At all times relevant hereto, and at the time of this incident, Lorentz was operating the tractor trailer, as an agent, servant, and/or employee of Westfreight.

40. At all times relevant hereto, Lorentz was hired by Westfreight to operate the 2000 Kenworth and trailer and directed by Westfreight to transport freight interstate.

41. At all times relevant hereto, including at the time of this incident, Westfreight individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated the 2000 Kenworth and trailer Lorentz was operating at the time of this incident.

42. At all times relevant hereto, including at the time of this incident, Lorentz caused or contributed to cause this incident, which directly and proximately caused the death of Olaphan Haley, deceased.

43. At all times relevant hereto, including at the time of this incident, Westfreight, individually, and/or through its agents, servants, and/or employees, caused or contributed to cause this collision, which directly and proximately caused the death of Olaphan Haley, deceased.

44. The negligence of Westfreight and the negligence of its agents, servants, and/or employees, including Lorentz, as described in this Complaint, directly and proximately, caused and/or contributed to cause the death of Olaphan Haley, deceased.

45. That immediately before this incident, Olaphan Haley, deceased, was an alive and healthy human being.

## COUNT I- WRONGFUL DEATH/NEGLIGENCE-AGENCY AS TO DEFENDANT WESTFREIGHT CARRIERS

Plaintiff incorporates and realleges paragraphs 1-45 as if fully set forth herein and further for his Complaint against Defendant Westfreight, Plaintiff William Haley, Jr., as Special Administrator of the Estate of Olaphan Haley, deceased, alleges:

46. At all times relevant hereto, Westfreight was operating as a for-hire interstate motor Carrier throughout the United States.

47. At all times relevant hereto, including at the time of this incident, Westfreight was acting individually and through its drivers, agents, servants, and/or employees, including Lorentz, each of whom were acting within the course and scope of their employment with Westfreight.

48. At all times relevant hereto, including at the time of this incident, Lorentz was operating a tractor-trailer in the course and scope of his employment with Westfreight.

49. At all times relevant hereto, including at the time of this incident, Lorentz was operating the 2000 Kenworth truck and pulling a trailer, in furtherance of the business interests of Westfreight.

50. At all times relevant hereto, including at the time of this incident, Lorentz was hired by Westfreight to operate the 2000 Kenworth and trailer and Westfreight directed Lorentz to transport various loads of freight interstate, including in the State of Illinois.

51. At all times relevant hereto, including at the time of this incident, Westfreight, individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated the truck and trailer Lorentz was driving and hauling at the time of this incident.

52. At all times relevant hereto, including the time leading up to this incident and at the time of this incident, Westfreight owed a duty to the general public, including Olaphan Haley, deceased, to use ordinary care and/or the highest degree of care under the circumstances in operating the 2000 Kenworth and trailer, the hiring, training, supervising, retaining, and controlling its agents, servants, and/or employees, including Lorentz, in the following ways, which are imposed upon Westfreight by the Federal Motor Carrier Safety Regulations:

   a. Adequately evaluating performance, including thorough training and supervision, so as to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he/she injured the public or property;

   b. Properly screening its applicants, including for employment;

   c. Obtaining a completed employment application before permitting an agent, servant, and/or employee to operate a commercial motor vehicle under its authority;

   d. Investigating the agents, servants, and/or employees driver's employment records; and

   e. Inquiring into its agent's, servant's, and/or employee's driving record within 30 days after employment begins.

53. That leading up to this incident and at the time of this incident, Westfreight failed to carry out the duties imposed upon it and was thereby negligent in the following respects:

    a.    Failed to make a reasonable inquiry and/or screen Lorentz's competence as a tractor trailer driver;

    b.    Selected Lorentz for employment, who was an incompetent and unfit driver;

    c.    Failed to select a competent and fit driver;

    d.    Hired and retained Lorentz, an unsafe and unqualified driver;

    e.    Hired and retained Lorentz, an inadequately trained and incompetent driver;

    f.    Allowed Lorentz to operate a mechanically defective tractor and trailer;

    g.    Allowed Lorentz to operate an unsafe tractor and trailer;

    h.    Entrusted the tractor and trailer to Lorentz, an incompetent, reckless, unsafe and unqualified driver;

    i.    Permitted Lorentz to operate the tractor trailer in excess of the hours of service provisions of Title 49, Code of Federal Regulations, Section 395;

    j.    Failed to properly train Lorentz in the proper operation, inspection, maintenance, record-keeping, and check-in, necessary for the safe operation of the tractor and trailer he was operating at the time of this incident;

    k.    Failed to adequately evaluate Lorentz's performance through training and supervision, and failed to discharge Lorentz before he injured and/or killed a member of the general public, including Olaphan Haley, deceased;

    l.    Failed to obtain a completed employment application before permitting Lorentz to drive a commercial motor vehicle. 49 C.F.R. § 391.21;

    m.    Failed to investigate Lorentz's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. § 391.23(a)(2), 391.23(c);

    n.    Failed to inquire into Lorentz's driving record within 30 days after his employment began. 49 C.F.R. § 391.23(a);

o. Failed to properly instruct and train Lorentz how to properly and safely operate a commercial motor vehicle;

p. Failed to provide safety courses to Lorentz and its other agents, servants, and employees on how to safely operate and maintain the tractor trailer involved in this incident;

q. Failed to have in place a system to keep track of the on-duty status or otherwise audit the on-duty status records of Lorentz and its other employees that operate its vehicles in interstate commerce to ensure they did not violate the limitations of the "Hours of Service Limitations" set forth in 49 C. F.R., Part 395;

r. Failed to verify Lorentz's records of hours of service;

s. Permitted and/or failed to prevent Lorentz from operating commercial motor vehicles for periods in excess of industry standards for maximum hours of service;

t. Allowed Lorentz to operate a commercial motor vehicle in a fatigued condition and/or required, permitted, and/or failed to prevent Lorentz from operating a commercial motor vehicle when he was so impaired, or likely to become impaired, through fatigue, as to make it unsafe for him to begin or continue to operate their vehicles; and

u. Failed to implement drug screening procedures for and/or inquire of Lorentz to determine if the drugs he was ingesting into his system would adversely affect his ability to safely operate a commercial motor vehicle.

54. That Westfreight knew or should have known that its acts and/or omissions stated herein created a danger of harm to Olaphan Haley, deceased, and others and because of its failures, acts and omissions, Westfreight was thereby negligent.

55. As a direct and proximate result of one or more of the aforementioned acts or omissions of Westfreight, Olaphan Haley, deceased, suffered serious injuries, which resulted in her death. As a result, William Haley, Jr. and the other next of kin of Olaphan Haley, deceased, have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent, loss of consortium, pecuniary loss, as well as extreme grief, sorrow and

mental suffering, subjecting Westfreight to liability pursuant to 740 ILCS 180/1, *et seq.*, commonly referred to as the Wrongful Death Act.

56. As a direct and proximate result of one or more of the aforementioned acts or omissions of Westfreight, Olaphan Haley, deceased, suffered serious injuries, which resulted in her death. As a result, Olaphan Haley's next of kin:

    a.    Have been deprived of valuable services that Olaphan Haley, deceased, would normally perform for them and would have continued to perform for them, but for her death, all to the damage of Olaphan Haley's next of kin and/or Plaintiff as Special Administrator of the Estate of Olaphan Haley, deceased;

    b.    Have been deprived of large sums of money and valuable services Olaphan Haley, deceased, normally contributed and rendered to them, all to the damage of Olaphan Haley's next of kin and/or Plaintiff as Special Administrator of the Estate of Olaphan Haley, deceased;

    c.    Were all deprived of the society, the consortium, the love and the affection provided by the decedent prior to her death, all to the damage of Olaphan Haley's next of kin and/or Plaintiff as Special Administrator of the Estate of Olaphan Haley, deceased;

    d.    Are entitled to any and all damages as detailed and provided for by 740 ILCS 180/1, commonly referred to as the Wrongful Death Act.

WHEREFORE, it is respectfully requested that judgment be entered under the terms of the Wrongful Death Act in favor of the Plaintiff, William Haley, Jr., as Special Administrator of the Estate of Olaphan Haley, deceased, on behalf of the next of kin, against the Defendants, in an amount necessary to fully and fairly compensate William Haley Jr. and the other next of kin for their losses as described herein, including but not limited to pecuniary losses, loss of consortium, loss of companionship and society, grief, sorrow, mental suffering, and all damages provided for by 740 ILCS 180/1 (Wrongful Death Act), all of which substantially exceed the minimum jurisdictional amount, plus costs for this action and such further relief as the Court deems just and proper.

## COUNT II- WRONGFUL DEATH/NEGLIGENCE
## AGAINST DEFENDANT LORENTZ

Plaintiff incorporates and realleges paragraphs 1-56 as if fully set forth herein and further for his Complaint against Defendant Lorentz, Plaintiff William Haley, Jr., as Special Administrator of the Estate of Olaphan Haley, deceased, alleges:

57. At all times relevant hereto, it was the duty of Lorentz to exercise ordinary care and/or the highest degree of care, under the circumstances then and there existing, in the operation of the 2000 Kenworth and trailer to protect the safety of the general public, including Olaphan Haley, deceased, all of which are imposed upon Lorentz by the Federal Motor Carrier Safety Regulations.

58. At all times relevant hereto, including the time leading up to this incident and at the time of this incident, Lorentz was negligent, reckless, and/or careless in the following respects, as Lorentz:

    a. Failed to maintain the 2000 Kenworth and trailer properly, which allowed the equipment to be operated in a condition that required it to be pulled over into a rest area;

    b. Drove the 2000 Kenworth and trailer through the Rend Lake Rest Area when it was not safe to do so;

    c. Drove the 2000 Kenworth and trailer through the Rend Lake Rest Area and ran over Olaphan Haley, deceased, killing her;

    d. Failed to sound his horn or give any other warning to Olaphan Haley, deceased, that he was going to run over her;

    e. Drove at a rate of speed which was higher than reasonable considering the circumstances then and there existing in the Rend Lake Rest Area;

    f. Failed to keep a careful lookout ahead, laterally ahead, and behind;

    g. Failed to take proper remedial action which could have avoided this incident that killed Olaphan Haley, deceased;

  h. Drove at an unsafe and dangerous rate of speed;

  i. Operated the 2000 Kenworth and trailer without adequate training and experience;

  j. Failed to have the 2000 Kenworth and trailer under proper control;

  k. Failed to avoid the collision;

  l. Drove overly aggressive;

  m. Operated the 2000 Kenworth and trailer when it was likely to cause an accident in violation of 49 CFR 396.7;

  n. Operated the 2000 Kenworth and trailer without the necessary training, knowledge and/or experience so as to make him a danger to others as imposed upon him by 49 CFR 383.110, including safe vehicle operation, poor vision, the effects of fatigue, general health of the commercial motor vehicle, visual search, vehicle inspections, basic vehicle control, safe operation skills, and pre-trip inspection skills;

  o. Failed to have the 2000 Kenworth and trailer under proper control;

  p. Operated the 2000 Kenworth and trailer while tired and/or fatigued in violation of 49 CFR 392.3;

  q. Operated the 2000 Kenworth and trailer while taking medications and/or supplements with dangerous side effects;

  r. Operated the 2000 Kenworth and trailer while on the phone or other electronic device, thereby distracting him; and

  s. Was otherwise generally careless and negligent leading up to this incident.

59. Defendant Lorentz owed Olaphan Haley, deceased, a duty to operate the 2000 Kenworth and trailer in the manner that an ordinary prudent and cautious person in full possession of his/her faculties and using reasonable care would operate or drive a similar vehicle.

60. At all times relevant hereto, Defendant Lorentz was required to operate the 2000 Kenworth and trailer using ordinary care and/or the highest degree of care due to the circumstances then and there existing.

61. That Lorentz knew or should have known his acts and/or omissions stated herein created a danger of harm to Olaphan Haley, deceased, and others and because of his failures, acts and omissions, Lorentz was thereby negligent.

62. As a direct and proximate result of one or more of the aforementioned acts or omissions of Lorentz, Olaphan Haley, deceased, suffered serious injuries, which resulted in her death. As a result, William Haley, Jr. and the other next of kin of Olaphan Haley, deceased, have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent, loss of consortium, pecuniary loss, as well as extreme grief, sorrow and mental suffering, subjecting Lorentz and Westfreight to liability pursuant to 740 ILCS 180/1, *et seq.*, commonly referred to as the Wrongful Death Act.

63. As a direct and proximate result of one or more of the aforementioned acts or omissions of Lorentz, Olaphan Haley, deceased, suffered serious injuries, which resulted in her death. As a result, Olaphan Haley's next of kin:

   a. Have been deprived of valuable services that Olaphan Haley, deceased, would normally perform for them and would have continued to perform for them, but for her death, all to the damage of Olaphan Haley's next of kin and/or Plaintiff as Special Administrator of the Estate of Olaphan Haley, deceased;

   b. Have been deprived of large sums of money and valuable services Olaphan Haley, deceased, normally contributed and rendered to them, all to the damage of Olaphan Haley's next of kin and/or Plaintiff as Special Administrator of the Estate of Olaphan Haley, deceased;

   c. Were all deprived of the society, the consortium, the love and the affection provided by the decedent prior to her death, all to the damage of Olaphan Haley's next of kin and/or Plaintiff as Special Administrator of the Estate of Olaphan Haley, deceased;

   d. Are entitled to any and all damages as detailed and provided for by 740 ILCS 180/1, commonly referred to as the Wrongful Death Act.

WHEREFORE, it is respectfully requested that judgment be entered under the terms of the Wrongful Death Act in favor of the Plaintiff, William Haley, Jr., as Special Administrator of the Estate of Olaphan Haley, deceased, on behalf of the next of kin, against the Defendants, in an amount necessary to fully and fairly compensate William Haley Jr. and the other next of kin for their losses as described herein, including but not limited to pecuniary losses, loss of consortium, loss of companionship and society, grief, sorrow, mental suffering, and all damages provided for by 740 ILCS 180/1 (Wrongful Death Act), all of which substantially exceed the minimum jurisdictional amount, plus costs for this action and such further relief as the Court deems just and proper.

### COUNT III- WRONGFUL DEATH- NEGLIGENCE- VICAROUS LIABILITY
### SPECIAL ADMINISTRATOR OF THE ESTATE OF OLAPHAN HALEY v. WESTFREIGHT CARRIERS, LLC

Plaintiff incorporates and realleges paragraphs 1 through 63 above as if fully set forth herein.

64. At all times relevant herein, Lorentz was an agent, servant, and/or employee, of Westfreight.

65. At all times relevant herein, Lorentz was acting within the course and scope of his employment with Westfreight, thereby subjecting Westfreight to vicarious liability for Lorentz's negligence as alleged herein.

WHEREFORE, it is respectfully requested that judgment be entered under the terms of the Wrongful Death Act in favor of the Plaintiff, William Haley, Jr., as Special Administrator of the Estate of Olaphan Haley, deceased, on behalf of the next of kin, against the Defendants, in an amount necessary to fully and fairly compensate William Haley Jr. and the other next of kin for

their losses as described herein, including but not limited to pecuniary losses, loss of consortium, loss of companionship and society, grief, sorrow, mental suffering, and all damages provided for by 740 ILCS 180/1 (Wrongful Death Act), all of which substantially exceed the minimum jurisdictional amount, plus costs for this action and such further relief as the Court deems just and proper.

Respectfully Submitted,

PAGE LAW, LLC

_____
John J. Page, # 6314909
Ryan L. Bruning, # 6304640
Attorneys for Plaintiff
12166 Old Big Bend Rd. Ste. 100
Kirkwood, MO 63122
Office: 314-835-5800
E-Fax: 314-835-5853
john@pagelaw.com
ryan@pagelaw.com
Attorneys for Plaintiff