IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HALEY, JR. individually and as Personal Representative of the Estate of Olaphan Haley, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>WESTFREIGHT SYSTEMS, INC. and WILLIAM L. LORENTZ,<br><br>    Defendants. | Case No. 15-cv-01161-JPG-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion (Doc. 29) to Strike Portions of Plaintiff's First Amended Complaint. Plaintiff filed a timely response (Doc. 37) and the defendants filed a reply. Local Rule 7.1(c) provides that reply briefs are not favored and should only be filed in exceptional circumstances. The defendants have stated exceptional circumstances within their brief and the Court will consider their reply.

1. **Background**.

The complaint alleges wrongful death/negligence-agency against the defendants William Lorentz and Westfreight Systems, Inc. ("Westfreight"). Defendant Lorentz was operating a 2000 Kenworth truck and trailer owned by Westfreight on May 27, 2015. The deceased, Olaphan Haley, was walking through the Rend Lake Rest Area when she was hit by the truck and trailer being operated by Defendant Lorentz causing her death. (Doc. 2).

The defendants move to strike all prayers of relief for punitive damages and any allegations that the defendant's owed the deceased the "Highest Degree of Care" from the plaintiff's amended complaint.

2. **Standard.**

Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of the rule is to prevent unnecessary expenditures of time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68. For example, prayers for relief should be stricken when they seek relief that is not recoverable as a matter of law. *See Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1142 (7th Cir. 2009). The burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

3. **Analysis**.

Here, the defendants are correct that punitive damages are not recoverable as a matter of law under the Illinois Wrongful Death Act (740 ILCS 180/1, et. seq.). "The Illinois Supreme

Court has clearly held that Illinois does not permit the recovery of punitive damages in a wrongful death action." *In re Air Crash Disaster Near Chicago, Ill on May 25, 1979*, 644 F.2d 594, 605 (7th Cir. 1981). With regard to the Illinois Survival Act, "the right to recover common law punitive damages abates upon the death of the injured party has not been altered by the Survival Act. The Act merely affords relief from the common law rule of nonsurvival in the specific instances set forth in its provisions. Accordingly, where a statutory cause of action expressly incorporates a provision authorizing recovery of punitive damages and the cause of action survives the death of the injured party under the Act, we have held the right to pursue the statutory punitive damages remedy will survive as well. … For a punitive damage claim to survive, the award of such damages must be expressly authorized by the statute on which the cause of action is predicated." *Vincent v. Alden-Park Strathmoor, Inc.*, 241 Ill. 2d 495, 504–05, 948 N.E.2d 610, 615 (2011)(internal citations omitted.)

In this case, the statute on which the plaintiff's cause of action is based is the Illinois Wrongfully Death Act which, as stated above, does not provide for punitive damages. As such, plaintiff's prayers for punitive damages under the Illinois Survival Act do not survive.

Plaintiff's argument that, "Plaintiff can make a Claim for Punitive Damages in Alberta, Canada and Several Other States In Which Defendants Have Significant Contacts" is not appropriate at this time. The plaintiff has brought this action under Illinois law and both parties have stated that they are reserving choice of law issues. As such, no choice of law issue is currently before the Court and as the plaintiff correctly noted: "[w]hen a court is sitting in diversity, as is this court, it must apply the substantive law of the forum state."

Finally, the Court notes that under federal pleading rules, the Court is permitted to award any warranted relief regardless of what the plaintiff seeks in his complaint. *See* Fed. R. Civ. P.

54(c) ("Every other final judgment [other than a default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). Thus, even if plaintiff does not pray for punitive damages, the Court may still award that relief if statutorily permitted and the evidence warranted it. Therefore, it doubtful how prejudicial these prayers for punitive damages actually are to the defendants; however, since they seek relief that is not recoverable as a matter of law, the prayers for punitive damages will be stricken.

Next, the defendants request that this Court strike all allegations within the plaintiff's complaint that the defendants owed the plaintiff, "the highest degree of care." Defendants argue that, "the Illinois legislature nor any Illinois court has ever imposed the above 'professional standard of care' much less the 'highest degree of care' standard upon a truck driver or a motor carrier of property." The defendants further argue that they would be prejudiced, because they "may have to retain a consultant or expert to analyze whether Defendants' conduct breached the 'highest degree of care' as opposed to ordinary standard of care." Doc. 39, pg. 5.

However, Federal Rule of Civil Procedure 8(d)(2)(3) provides that a pleading may set out two or more statements of a claim. The allegations that the defendants owed "ordinary care and/or the highest degree of care" are two statements of a claim and are permissible under federal pleading standard so long as one of them is sufficient. Further, this litigation is in the early stages of litigation. Whether the defendants will have to retain a specific expert with regard to the standard of care is too speculative at this point to demonstrate prejudice.

4. **Conclusion**.

Therefore, based on the above, Defendants' Motion (Doc. 29) to Strike Portions of Plaintiff's First Amended Complaint is **GRANTED** in part and **DENIED** in part. All prayers of

relief for punitive damages are **STRICKEN** from the plaintiff's Amended Complaint (Doc. 28).

All allegations with regard to the standard of care will not be stricken.

    **IT IS SO ORDERED.**

    **DATED:** 9/27/2016

                                      *s/J. Phil Gilbert*
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**