IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM HALEY JR., Individually, and As Personal Representative of the Estate of OLAPHAN HALEY, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No: 3:15-cv-1161-JPG-SCW |
| WESTFREIGHT SYSTEMS, INC., *et. al.*, | ) ) | |
| Defendants. | ) | |

**ORDER AUTHORIZING SETTLEMENT OF ACTIONS FOR
WRONGFUL DEATH AND SURVIVAL OF DECEDENT**

This cause coming before the Court upon the verified Motion for Leave to Settle Actions for Wrongful Death and Survival of Decedent filed on behalf of Plaintiff, William Haley Jr., the now duly qualified and acting Personal Representative of the Estate of Olaphan Haley, deceased.

Plaintiff having expressly waived a jury, the cause is submitted to the Court, and evidence in support of the Motion to Approve Confidential Settlement of Actions for Wrongful Death and Survival of Decedent is reviewed. After duly examining the pleadings, and evidence submitted and being otherwise fully advised in the premises, **IT IS THEREFORE ORDERED, CONSIDERED, AND ADJUDGED BY THE COURT THAT:**

Plaintiff has brought this cause of action under the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, and the Illinois Survival Act, 755 ILCS 5/27-6, against Defendants arising out of an accident on May 27, 2015 as described in the Motion for Leave to Settle Actions for Wrongful Death and Survival of Decedent and Amended Complaint filed in this matter.

It further appearing to the Court that Decedent Olaphan Haley ("Decedent") died intestate and a probate case has been opened in the Superior Court of Washington, County of Spokane.

1

It further appearing to the Court that Plaintiff is the duly appointed Administrator of Decedent's Estate (Doc. 28-1).

It further appearing to the Court that there have been no demands, liens or claims against Decedent's Estate and there are no other known liens, claims, demands or subrogation interests against the wrongful death and survival claims brought in this lawsuit, except to American Family Insurance for Medical Payments subrogation in the amount of $4,702.55.

It further appearing to the Court that heirship has been proven in this Court showing that Decedent left the following surviving heirs and next of kin: the Decedent's surviving spouse, William Haley Jr., and her emancipated children, Matthew Joseph Christopher Haley, Charles Edward Lail, Michael Norman Lail, and William C. Haley III.

It further appearing to the Court at the time of Decedent's death, the percentage of dependency by consent of the surviving spouse and next of kin upon the Decedent was as follows: William Haley Jr. – 40%, Matthew Joseph Christopher Haley – 15%, Charles Edward Lail – 15%, Michael Norman Lail – 15% and William C. Haley III – 15%.

It further appearing to the Court that Plaintiff believes there is a meritorious cause of action against Defendants and that Defendants deny any and all liability herein.

It further appearing to the Court an offer of settlement of the claims for wrongful death and survival has been made in a confidential amount disclosed to the Court in the Confidential Terms of Settlement filed under seal, in exchange for a properly executed release of all claims, and that Plaintiff and the next of kin have recommended that the offer be accepted.

It further appearing to the Court that the surviving spouse and each of the next of kin have agreed to apportion the net settlement proceeds (after Plaintiff's counsels fees, costs, and expenses have been deducted) as follows: $2,814.85 set aside for decedent's headstone; $7,598.00 directly to Matthew Haley for funeral expenses paid; $3,600.00 directly to William

Haley III for funeral expenses paid; $4,702.55 to American Family Insurance for Medical Payments subrogation; and the remainder shall be distributed as follows: William Haley Jr. – 40%, Matthew Joseph Christopher Haley – 15%, Charles Edward Lail – 15%, Michael Norman Lail – 15% and William C. Haley III – 15%.

The Court finds that the confidential settlement and distribution among Plaintiff and Decedent's next of kin is fair and reasonable.

The Court finds that the settlement of the claims for wrongful death and survival was entered into in good faith based upon arms-length negotiation between the parties and their counsel and that the settlement reflected by this instrument is in "good faith" in accordance with 740 ILCS 100/1 *et. seq*.

The Court finds that Plaintiff has retained the legal services of Page Law, LLC to represent the estate in the aforesaid claim for damages for the wrongful death of the decedent, and the attorney's fees and costs and expenses outlined in the Confidential Terms of Settlement were necessary and reasonable.

The Court finds that Plaintiff shall be solely responsible for any outstanding medical bills, funeral expenses, liens and any other expenses in this matter.

It is therefore ordered that Plaintiff is authorized to accept the offer outlined in the Confidential Terms of Settlement in full and final settlement of the claim for damages for wrongful death and survival of Decedent, and that the Plaintiff execute the Confidential Settlement Agreement and Full and Final Release of all Claims in consideration of said offer of settlement.

It is further ordered that Plaintiff pay to the law offices of Page Law, LLC the sum outlined in the Confidential Terms of Settlement for attorney's fees and reimburse them for costs and expenses.

It is further ordered that 40% of the settlement received by Plaintiff, less the aforementioned attorney's fees, costs, charges and deductions, be distributed to Decedent's surviving spouse, William Haley Jr.

It is further ordered that 15% of the settlement received by Plaintiff, less the aforementioned attorney's fees, costs, charges and deductions, be distributed to Decedent's surviving son, Matthew Joseph Christopher Haley.

It is further ordered that 15% of the settlement received by Plaintiff, less the aforementioned attorney's fees, costs, charges and deductions, be distributed to Decedent's surviving son, Charles Edward Lail.

It is further ordered that 15% of the settlement received by Plaintiff, less the aforementioned attorney's fees, costs, charges and deductions, be distributed to Decedent's surviving son, Michael Norman Lail.

It is further ordered that 15% of the settlement received by Plaintiff, less the aforementioned attorney's fees, costs, charges and deductions, be distributed to Decedent's surviving spouse, William C. Haley III.

It is further ordered that upon receipt of the settlement check, Plaintiff shall cause a stipulation for dismissal with prejudice of all claims against Defendants, receipt of attorney's fees and satisfaction of judgment to be executed and filed with the Court.

Each party shall bear their own court costs.

**IT IS SO ORDERED.**

**DATED:** 3/30/2017

                *s/J. Phil Gilbert*
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**